UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMIAH WILLIAM BALIK,<br>    Plaintiff,<br>v.<br>CITY OF LAS VEGAS, et al.,<br>    Defendants. | Case No.: 2:21-cv-01701-RFB-NJK<br><br>**Order**<br><br>[Docket No. 9] |

Pending before the Court is Plaintiff's motion to be permitted to serve Defendant Rahm Emanuel via social media. Docket No. 9. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is hereby **DENIED**.

**I.    STANDARDS**

Generally, service must be effectuated according to Federal Rule of Civil Procedure 4. The purpose of Federal Rule of Civil Procedure 4 is to assure that a defendant will actually receive notice of the commencement of a lawsuit against them. *Hanna v. Plummer*, 380 U.S. 460 (1965). Rule 4 provides for service both domestically and internationally. Fed. R. Civ. P. 4(e)-(f). Rule 4(f) of the Federal Rules of Civil Procedure permits alternative service on an individual within a foreign country. Although service may be attempted in accordance with international agreements or the foreign country's service laws, the Court has discretion to order service by "means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). This discretion is neither a last resort nor must service have previously been attempted using the methods prescribed by Rules 4(f)(1) and 4(f)(2). *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

In exercising its discretion, the Court determines if the proposed method is prohibited by any international agreements and ensures that the method satisfies due process. *See SEC v. Banc*

1

*De Binary*, 2014 U.S. Dist. LEXIS 26730, at *3-4 (D. Nev. Mar. 3, 2014). Due process requires that the method of service be (1) reasonably calculated to apprise the defendant of the action and (2) afford the defendant an opportunity to present his objections. *Rio Props., Inc.*, 284 F.3d at 1016-17.

The Court then determines if the alternative service requested is proper by looking to the circumstances of the attempts of service and balancing any limitations of the alternative service with the benefits. *See Liberty Media Holdings, LLC v. Letyagin*, 2012 U.S. Dist. LEXIS 80326, at *4 (D. Nev. June 11, 2012). Alternative service is proper when the defendant is unreachable by other means or does not have a known physical address. *See Rio Props., Inc.*, 284 F.3d at 1017. In such a situation, email is usually considered the method of service most likely to reach the defendant. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600-01 (D. Nev. 2015) (quoting *Rio Props., Inc.*, 284 F.3d at 1017)).

## II.  ANALYSIS

Here, Plaintiff has not demonstrated that any attempts at service in the United States have been ineffective. In fact, Plaintiff has failed to show any attempt at an authorized method of service under the Federal Rules of Civil Procedure in the United States. Service is effective within a judicial district of the United States in accordance with state law, by personal service, leaving a copy of the summons and complaint at the usual place of abode of the party, or by delivering a copy of the summons and complaint to a registered agent of the party. *See* Fed. R. Civ. P. 4(e). Plaintiff submits that he mailed a copy of the complaint to a known address in Ravenswood, Illinois and that he emailed a copy to two email addresses in late August 2021. Docket No. 9. Under Illinois state law, service is proper in accordance with the methods outlined in the Federal Rules of Civil Procedure. 735 ILCS 5/2-203. Service on an individual by registered or certified mail is only allowed for certain municipal violations. *Id.* Simply mailing the complaint and sending emails to two addresses does not constitute a sufficient attempt at service of process to warrant balancing in favor of providing an alternative means of service in this case.

    Moreover, Plaintiff fails to demonstrate that circumstances warrant allowing for service by alternative means in this case on the basis that Defendant Emanuel is an international defendant.[1] Plaintiff is wrong to categorize Defendant Rahm Emanuel as an international defendant. Plaintiff submits that Defendant Emanuel should be treated as an international defendant simply because he has been nominated to become the United States Ambassador to Japan. Docket No. 9 at 1. This allegation is speculative and unpersuasive. Plaintiff provides this allegation without providing further information about Defendant being abroad in Japan or living abroad in Japan. Without more information or support, the Court is unwilling to find that Defendant Rahm Emanuel qualifies as an international defendant.

    Further, Plaintiff fails to demonstrate that Defendant is unreachable by other means or does not have a known physical address. In fact, Plaintiff's submission that he already mailed a copy of the complaint in the instant action to a known domestic address for Defendant Emanuel and sent an email copy to an email address he believes to be associated with the Defendant contradicts any such submission. *See* Docket 9 at 2. Nothing provided to the Court suggests that it should exercise its discretion to allow for service by alternative means in these circumstances.

    Finally, Plaintiff fails to proffer how social media service would comply with due process in this case. Plaintiff offers no argument about how social media service would inform Defendant Emanuel of the instant action in any manner. While the Court construes *pro se* filings liberally, *see Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013), the Court will not supply arguments or evidence not provided to it for consideration. Plaintiff points to a single case from the Northern District of California as allowing for service of process via social media. *See St. Francis Assisi v. Kuwait Fin. House*, 2016 U.S. Dist. LEXIS 136152 (N.D.Cal. Sept. 30, 2016). In *St. Francis Assisi*, the Court allowed for service by alternative means via Twitter because the defendant in

---

[1] As discussed below, Plaintiff fails to establish that Defendant Emanuel is an international defendant under the terms of Federal Rule of Civil Procedure 4(f). Because Plaintiff fails to establish the minimum requirements for Federal Rule of Civil Procedure 4(f), the Court does not reach whether the means would be allowable under any international agreements or the foreign service laws of Japan. However, as mentioned above, even if Defendant Emanuel was an international defendant, it would still be in the Court's discretion whether to allow for an alternative method of service even if the requested alternative method would be allowable under international agreements or Japan's service of process laws.

question had an active Twitter account that he regularly used at the time to communicate and engage with people. *Id*. at *4-5. Important to that Court's decision were prior attempts by the plaintiff to comply with previously-agreed upon means of service between the foreign country and the United States. *Id.* at 3-5. Plaintiff has made no such attempt or showing here that Defendant Emanuel is present and engaged on social media to warrant a finding that service via social media would reasonably apprise him of the instant action.

### III.   CONCLUSION

For the reasons discussed above, the motion to serve Defendant Rahm Emanuel by alternative means is hereby **DENIED**. Docket No. 9.

IT IS SO ORDERED.

Dated: October 20, 2021

_____
Nancy J. Koppe
United States Magistrate Judge