UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JEREMIAH WILLIAM BALIK,<br>    Plaintiff,<br>v.<br>CITY OF LAS VEGAS, et al.,<br>    Defendants. | Case No. 2:21-cv-01701-RFB-NJK<br><br>**Order**<br><br>[Docket No. 32, 35] |

Pending before the Court is Defendant City of Las Vegas's motion to stay discovery pending resolution of its motion for judgment on the pleadings. Docket No. 35; *see also* Docket No. 14 (motion for judgment on the pleadings). Plaintiff filed a response in opposition. Docket No. 36. No reply was filed. *See* Docket. The motion to stay discovery is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay discovery is **GRANTED**.[1]

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). Discovery should proceed absent a "strong showing" to the contrary. *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay discovery may be granted when: (1) the underlying motion is potentially dispositive in scope and effect; (2) the underlying motion can be decided without additional discovery; and (3) the Court

---

[1] As a result, Plaintiff's pending motion for an extension of the joint proposed discovery plan deadline (Docket No. 32) is **DENIED** as moot.

1

has taken a "preliminary peek" at the merits of the underlying motion and is convinced that the plaintiff will be unable to prevail. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The Court is guided in its analysis by the objectives in Rule 1 to secure a just, speedy, and inexpensive determination of cases. *Tradebay*, 278 F.R.D. at 602.

The Court is satisfied that a stay of discovery is appropriate in this case. As to the first two requirements, the motion for judgment on the pleadings is potentially dispositive of this case and it can be decided without discovery. As to the third requirement, the undersigned's evaluation of the motion for judgment on the pleadings reveals that it is sufficiently meritorious to justify a stay of discovery.[2] Accordingly, Defendant's motion to stay discovery (Docket No. 35) is **GRANTED**.[3]

In the event resolution of Defendant's motion for judgment on the pleadings does not result in the termination of this case, an amended discovery plan or joint status report must be filed within 14 days of the issuance of such order.

IT IS SO ORDERED.

Dated: November 4, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion for judgment on the pleadings may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peak" at the merits of that motion is not intended to prejudice is outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the underlying motion in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motion and subsequent briefing.

[3] To be clear, the dispositive motion was filed by only Defendant City of Las Vegas, as was the motion to stay discovery. The Court grants the motion to stay discovery as to this defendant only. If and when other defendants appear in this case, each defendant will be required to engage in discovery unless and until the Court issues an order staying discovery as to that particular defendant.