UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEREMIAH WILLIAM BALIK,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LAS VEGAS, *et al.*,<br><br>Defendant(s). | Case No. 2:21-cv-01701-RFB-NJK<br><br>ORDER |

### I.   BACKGROUND

This action was removed from the Eighth Judicial District Court, Clark County, Nevada on September 15, 2021. ECF No. 1. Plaintiff's Complaint alleges numerous constitutional and statutory claims against several defendants, including the City of Las Vegas; the City of Pismo Beach, CA; Wholefoods, Inc.; The Blackstone Group, Inc.; 7-11, Inc.; Maverik, Inc.; Smith's Grocery/Kroger, Inc.; US Vets, Inc.; UPS, Inc./UPS Store #4213; and Rahm Emanuel.

On October 11, 2021, Defendant City of Las Vegas filed a motion for judgment on the pleadings. ECF No. 14. On November 22, 2021, Defendant City of Pismo Beach filed a motion to dismiss. ECF No. 56. On December 1, 2021 and December 13, 2021, Defendant UPS, Inc./UPS Store #4213 filed motions to dismiss. ECF No. 78, 99. On December 7, 2021, Defendant The Blackstone Group, Inc. filed a motion to dismiss. ECF No. 86. In the interim, Plaintiff filed numerous dispositive and non-dispositive motions and notices with the Court. See ECF Nos. 20, 37, 39, 42, 46, 50, 83, 85, 90, 91, 94, 95, 106, 110, 111, 112, 115, 117.

On December 30, 2021, the Court issued a minute order stating that it was considering the

pending motions to dismiss and motion for judgment on the pleadings. ECF No. 119. The Court ordered a stay of the case pending resolution of the motions and instructed that the parties were prohibited from filing additional motions in the case. The Court instructed the parties that failure to comply with the Court's order could lead to the imposition of sanctions, including coercive or case-dispositive sanctions. Id. Despite the Court's order, Plaintiff went on to file numerous new motions, including "Motion for Removal of Justice Court Traffic Citation," "Motion to add Milana A. Vayntrub's Email Address to Electronic Filing Notification," and "Motion for Leave to Default." See ECF Nos. 128, 133, 137. In addition, Plaintiff filed numerous frivolous notices with the Court including dozens of pages of indecipherable attachments and exhibits. See ECF Nos. 129, 130, 131, 132, 141, 143, 144, 148.

The Court now grants case-dispositive sanctions against Plaintiff in view of Plaintiff's failure to comply with the Court's December 30 order.

## II.     LEGAL STANDARD

"On motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Under the local rules for the District of Nevada, the court may impose any and all appropriate sanctions on an attorney or party who fails to comply with any order of the Court. LR IA 11-8.

"Orders are not suggestions or recommendations, they are directives with which compliance is mandatory." Gfeller v. Doyne Med. Clinic, Inc., Case No. 2:14-cv-01940-JCM-VCF, 2015 U.S. Dist. LEXIS 118518, at *8 (D. Nev. Sept. 3, 2015) (citing Chapman v. Pacific Tel. & Tel. Co., 613 F.2d 193, 197 (9th Cir. 1979). Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." Sherman v. United States, 801 F.2d 1133, 1135 (9th Cir. 1986) (per curiam); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and cavalier."). Sanctions may be imposed for a party's unexcused failure to comply with Rule 16, even if the failure was not made in bad faith. Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990).

In fashioning the appropriate sanction for a Rule 16(f) violation, the Court is afforded broad discretion. See Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396-97 (9th Cir. 1993). The Ninth Circuit has repeatedly upheld the imposition of the sanction of dismissal for a party's failure to comply with court orders. See Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986) (collecting cases). In issuing case-dispositive sanctions, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. However, "[i]t is not necessary for a district court to make explicit findings to show that it has considered these factors." Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).

### III.  ANALYSIS

The Court finds that Plaintiff has flagrantly disregarded the Court's December 30 order such that the sanction of dismissal is warranted. The Court emphasizes that Plaintiff not only filed numerous motions and frivolous notices on the Court's docket in violation of the December 30 order, but also failed to provide any justification for these violations. The Court finds that the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh against the public policy favoring disposition of cases on their merits. The Court notes that Plaintiff has previously been deemed a vexatious litigant by this Court, and that many of Plaintiff's filings in this case resemble the frivolous filings in that matter. See Balik v. City of Torrance et al, Case No. 2:18-cv-02174-RFB-EJY, 2020 U.S. Dist. LEXIS 32240, at *11-23 (D. Nev. Feb. 25, 2020).

Further, the Court finds that the risk of prejudice to the defendants is minimal, and that less drastic sanctions would not appropriately deter Plaintiff. The Court warned Plaintiff that continuing to file motions, despite the case being stayed, could result in case dispositive sanctions. See Malone, 833 F.2d at 132 ("[W]arning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement."). Given Plaintiff's

repeated violations of the Court's order, which the Court finds to have occurred in bad faith, the Court concludes that the sanction of dismissal is appropriate. See id. ("A plaintiff can hardly be surprised by a harsh sanction in response to willful violation of a pretrial order.").

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the case is dismissed and all pending motions are denied as moot.

The Clerk of the Court is instructed to close this case.

DATED May 19, 2022

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**